-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWIGHT DILBERT,

                Petitioner,

                v.

JAMES T. CONWAY,

                Respondent.

_____

**ORDER**
05-CV-0858A(VEB)

Presently pending before this Court in this *pro se* petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, are petitioner's motions to hold the petition in abeyance and for an extension of time to file a reply to respondent's response and memorandum of law in opposition to the petition.  (Docket Nos. 27 and 28).[1]  For the following reasons, petitioner's motion for an extension of time to file a reply is granted and he shall file any reply no later than **September 15, 2007**.  Petitioner's motion to hold the petition in abeyance is denied without prejudice to re-filing upon a showing that petitioner is entitled to a stay of the petition pursuant to *Rhines v. Weber*, 544 U.S. 266, 277 (2005).

Initially, the Court notes that the motion to hold the petition in abeyance does not identify the petition as a "mixed petition"–*i.e.*, containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982); *see also Zarvela v. Artuz*, 254 F.3d 374, 377 (2d Cir.)  ("We conclude that a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition."), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001); *Clancy v. Phillips*, 04 CV 4343KMK, 2005 WL 1560485, *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a

_____

[1]This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), for all pre-trial matters and to hear and report on all dispositive motions for consideration by the District Judge. (Docket No. 29).

habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted)), or whether petitioner is seeking to add unexhausted "new" or additional claims to the petition.

Accordingly, before the Court can properly address petitioner's motion for a stay, petitioner needs to advise the Court whether or not the petition currently before the Court is a mixed petition and if so, what claims raised in the petition are unexhausted.  However, if the petition contains only exhausted claims, the petitioner shall, in addition to re-filing his motion for a stay, file a motion to amend the petition to include the new unexhausted claim or claims petitioner seeks to add to the petition.  The motion to amend the petition must attach a proposed amended petition that raises both the claims now raised in the petition and the new claim or claims that needs to exhaust and then add to the instant habeas corpus proceeding.

In *Rhines*, 544 U.S. at 277, the Supreme Court limited the district courts' approval of stay requests only to those situations where there is a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition and that the unexhausted claims are not "plainly meritless."  *Id.* at 277.  *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005), or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In the instant matter, to the extent petitioner has new claims to exhaust and raise herein, he has failed to establish the criteria for the granting of a stay as to those new claims as set forth in *Rhines*.  Petitioner's motion simply asks the Court to hold the petition in abeyance "until [he] proceed[s] on a state issue that [he] would like to submit and receive clarification on about [his] direct appeal."  (Docket No. 27).  Other than that, petitioner states nothing about what claim or claims he wishes to exhaust and raise in this petition and offers no justification for why he did not previously exhaust said claim or claims in state court prior to filing his habeas petition in this Court.  Without a showing of both "good cause"[2] and that the new claim or claims are not "plainly meritless," petitioner's request for a stay of these proceedings with respect to any unexhausted claim or claims must be denied without prejudice.  Accordingly,

IT IS HEREBY ORDERED that, petitioner's motion (Docket No. 27) to hold the petition in abeyance is **DENIED** without prejudice to re-filing upon a showing pursuant to *Rhines*, 544 U.S. at 277, that (1) there is good cause for petitioner's failure to exhaust the new claim or claims, (2) that the new claim or claims relate back to the claims originally pled in the petition and (3) that the new claims are not plainly meritless.  If petitioner re-files the motion to hold the petition in abeyance, he must also serve it on respondent's counsel.  **Nothing contained in this Order shall be considered to be a limitation on petitioner's ability to pursue any state court remedies that may be available to him.**

FURTHER, to the extent petitioner seeks to add a new claim or claims to the petition, he shall, in addition to re-filing the motion to hold the petition in abeyance, file and serve upon

---

[2]"[T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults."  *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, *5 (E.D.N.Y., Feb. 8, 2006) (citations omitted). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default (citation omitted), the 'good cause' has arisen from external factors, not petitioner's own decisions."  *Ramdeo*, 2006 WL 297462, at * 6.

respondent a motion to amend the petition which addresses the issue of timeliness of the new claim or claims and "relation back" pursuant to *Mayle v. Felix*, 545 U.S. 644, (2005).[3]  He shall also attach to said motion a proposed amended petition that raises both the claims now raised in the petition and the new claim or claims petitioner needs to exhaust and then add to the instant habeas corpus proceeding.  If petitioner is not seeking to add a new claim to the petition, but rather to exhaust unexhausted claims that he has  raised in the petition, he shall notify the Court, when re-filing his motion hold the petition in abeyance, what claim or claims raised in the petition are unexhausted.

FURTHER, that petitioner's motion for an extension of time to file and serve a reply to respondent's answer and memorandum of law in opposition to the petition (Docket No. 28) is **GRANTED**, and petitioner shall file said reply no later than **September 15, 2007**.

FURTHER, the Clerk of the Court shall forward to petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner shall use for his proposed amended petition.

**IT IS SO ORDERED**.

*Victor E. Bianchini*

_____
   VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      August 1, 2007
                 Buffalo, New York.

---

[3]"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.